

In The

# Court of Appeals
## Seventh District of Texas at Amarillo

_____

No. 07-14-00053-CR
_____

TAYLOR RAY ARNATH AKA TAYLOR ARNATH, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 297th District Court
Tarrant County, Texas
Trial Court No. 1239693D; Honorable Everett Young, Presiding

September 8, 2014

## MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

In August 2011, pursuant to a plea agreement, Appellant, Taylor Ray Arnath, aka Taylor Arnath, was placed on deferred adjudication community supervision for five years for burglary of a habitation and assessed a $500 fine.[1]  In December 2012, the State moved to proceed to adjudication alleging multiple violations of the terms and conditions of community supervision.  In October 2013, by its third amended petition to

---

[1] TEX. PENAL CODE ANN. § 30.02(a) (West 2011).  As alleged in this cause, burglary of a habitation is a second degree felony.

proceed to adjudication, the State asserted eight violations of community supervision, including four new offenses. At a hearing on the State's allegations, Appellant entered pleas of true to all eight allegations and the trial court heard testimony. Based on Appellant's pleas of true and the testimony, the trial court found that Appellant violated the terms and conditions of community supervision, adjudicated him guilty of the original offense and sentenced him to eight years confinement. In presenting this appeal, counsel has filed an *Anders*[2] brief in support of a motion to withdraw. We affirm and grant counsel's motion.

In support of his motion to withdraw, counsel certifies he has conducted a conscientious examination of the record, and in his opinion, the record reflects no potentially plausible basis to support an appeal. *Anders v. California*, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008). Counsel candidly discusses why, under the controlling authorities, the appeal is frivolous. *See High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. 1978). Counsel has demonstrated that he has complied with the requirements of *Anders* and *In re Schulman* by (1) providing a copy of the brief to Appellant, (2) notifying him of his right to file a *pro se* response if he desired to do so, and (3) informing him of his right to file a *pro se* petition for discretionary review.[3] *In re Schulman*, 252 S.W.3d at 408.[4] By letter, this Court granted Appellant an opportunity to exercise his right to file a

---

[2] *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

[3] This appeal was submitted before the Texas Court of Criminal Appeals issued its decision in *Kelly v. State*, __ S.W.3d __, 2014 Tex. Crim. App. LEXIS 911 (Tex. Crim. App. June 25, 2014).

[4] Notwithstanding that Appellant was informed of his right to file a *pro se* petition for discretionary review upon execution of the *Trial Court's Certification of Defendant's Right of Appeal*, counsel must comply with Rule 48.4 of the Texas Rules of Appellate Procedure which provides that counsel shall within five days after this opinion is handed down, send Appellant a copy of the opinion and judgment together with notification of his right to file a *pro se* petition for discretionary review. *In re Schulman*, 252 S.W.3d at 408 n.22 & at 411 n.35.

response to counsel's brief, should he be so inclined. *Id.* at 409 n.23. Appellant did not file a response to the *Anders* brief. Neither did the State favor us with a brief.

## BACKGROUND

Appellant, a very young man, suffers from obsessive compulsive disorder and adult antisocial behavior. His history of criminal activity began while he was a juvenile. While on community supervision for burglary of a habitation, he was afforded several opportunities to remain on community supervision with amended conditions. The testimony at the revocation hearing established that with proper medication and treatment, Appellant could live a normal life.

By the *Anders* brief, counsel evaluates potential errors in Appellant's case, including his competency. He concludes, however, that no arguable issues exist to present on appeal.

## DECISION TO ADJUDICATE—STANDARD OF REVIEW

An appeal from a trial court's order adjudicating guilt is reviewed in the same manner as a revocation hearing. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(b) (West Supp. 2014). When reviewing an order revoking community supervision imposed under an order of deferred adjudication, the sole question before this Court is whether the trial court abused its discretion. *Rickels v. State,* 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984); *Jackson v. State,* 645 S.W.2d 303, 305 (Tex. Crim. App. 1983). In a revocation proceeding, the State must prove by a preponderance of the evidence that the probationer violated a condition of community supervision as alleged in the motion. *Cobb v. State*, 851

3

S.W.2d 871, 874 (Tex. Crim. App. 1993). If the State fails to meet its burden of proof, the trial court abuses its discretion in revoking community supervision. *Cardona*, 665 S.W.2d at 494. In determining the sufficiency of the evidence to sustain a revocation, we view the evidence in the light most favorable to the trial court's ruling. *Jones v. State*, 589 S.W.2d 419, 421 (Tex. Crim. App. 1979). Additionally, a plea of true standing alone is sufficient to support a trial court's revocation order. *Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. 1979).

We have independently examined the entire record to determine whether there are any non-frivolous issues which might support the appeal. *See Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We have found no such issues. *See Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). After reviewing the record and counsel's brief, we agree with counsel there is no plausible basis for reversal. *See Bledsoe v. State*, 178 S.W.3d 824 (Tex. Crim. App. 2005).

## CONCLUSION

The trial court's judgment is affirmed and counsel's motion to withdraw is granted.

Patrick A. Pirtle
Justice

Do not publish.

4